[Cite as *State v. Lucas*, 2018-Ohio-3504.]

**IN THE COURT OF APPEALS OF OHIO
SECOND APPELLATE DISTRICT
GREENE COUNTY**

| | | |
|---|---|---|
| STATE OF OHIO | : | |
| | : | |
| Plaintiff-Appellee | : | Appellate Case No. 2017-CA-15 |
| | : | |
| v. | : | Trial Court Case No. 11-CR-280 |
| | : | |
| KEVIN R. LUCAS | : | (Criminal Appeal from |
| | : | Common Pleas Court) |
| Defendant-Appellant | : | |
| | : | |

. . . . . . . . . . .

O P I N I O N

Rendered on the 31st day of August, 2018.

. . . . . . . . . . .

NATHANIEL R. LUKEN, Atty. Reg. No. 0087864, 55 Greene Street, 1st Floor, Xenia, Ohio 45385
      Attorney for Plaintiff-Appellee

DANIEL E. BRINKMAN, Atty. Reg. No. 0025365, P.O. Box 302, Bellbrook, Ohio 45305
      Attorney for Defendant-Appellant

. . . . . . . . . . . . .

HALL, J.

{¶ 1} Kevin R. Lucas appeals from his conviction and sentence on one count of theft, a fifth-degree felony, following the trial court's revocation of intervention in lieu of conviction (ILC).

{¶ 2} Lucas's second appointed appellate counsel has filed a brief pursuant to *Anders v. California,* 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967), asserting the absence of any non-frivolous issues for review, along with a motion requesting permission to withdraw as counsel. We notified Lucas of the *Anders* filing and granted him an opportunity to file a pro se brief. Nothing was filed, and the time to do so has expired.

{¶ 3} The record reflects that Lucas was charged with felony theft in 2011 for stealing money from his employer's cash register. He moved for ILC, asserting that he was suffering from mental-health issues at the time of the offense. Lucas then entered a guilty plea, and the trial court stayed the proceedings. In February 2012, the trial court sustained the ILC motion and imposed various conditions. One of them required Lucas to maintain employment and, if not employed, immediately to seek and gain employment. Another condition required him to pay at least $75 per month toward a $3,230.69 restitution obligation and other fees the trial court had imposed. Nearly five years later in January 2017, Lucas's probation officer filed a motion and supporting affidavit seeking revocation of ILC based on Lucas's alleged failure to comply with the work condition and the condition that he make payments of at least $75 per month toward his financial obligations. The probation officer's filing stated that Lucas's then-existing restitution obligation was $2,429.69. Following a hearing, the trial court determined that Lucas had violated the two ILC conditions at issue. As a result, the court revoked ILC, accepted his

prior guilty plea, made a finding of guilt, and sentenced him to community control sanctions. As part of those sanctions, the trial court imposed a 150-day jail sentence and ordered Lucas to pay restitution of $3,230.69. (Doc. #71).

{¶ 4} On June 17, 2017, Lucas's prior appointed appellate counsel filed an *Anders* brief asserting the absence of any non-frivolous issues for our review. We rejected that *Anders* filing in a November 29, 2017 decision and entry in which we found a non-frivolous issue. Specifically, we found an arguable issue regarding the current amount of Lucas's restitution obligation. We appointed new appellate counsel to address that issue and any other issues.

{¶ 5} Lucas's new counsel now has filed another *Anders* brief. Therein, counsel notes that the potential issue regarding restitution has been clarified and corrected and, therefore, that it is moot. Counsel represents that "recognizing that [the inaccurate restitution balance due] was an error or mistake," he contacted the probation officer, who contacted the court, and the court filed a nunc pro tunc judgment entry correctly reflecting that the restitution balance at the end of the ILC period was $2,429.69. The state has not independently submitted anything to the contrary. We therefore agree that a potential error in regard to the restitution amount is now moot and no longer presents an issue with arguable merit.

{¶ 6} Current counsel also states that he has found no other issues with arguable merit. Counsel notes that he and Lucas's prior *Anders* counsel considered and rejected all other issues, which included the propriety of revoking ILC, Lucas's plea, the sentencing hearing, and the sentence imposed. Having again conducted our own independent review of the record as required by *Anders*, we likewise have found no non-frivolous issues for

appellate review. Accordingly, we sustain appointed appellate counsel's motion to withdraw from further representation.

{¶ 7} The judgment of the Greene County Common Pleas Court is affirmed.

. . . . . . . . . . . . .

DONOVAN, J., and FROELICH, J., concur.

Copies mailed to:

Nathaniel R. Luken
Daniel E. Brinkman
Hon. Michael A. Buckwalter